

IN THE
TENTH COURT OF APPEALS

No. 10-11-00402-CV

IN RE AMANDA KAYE PAYNE

Original Proceeding

## DISSENTING OPINION

I respectfully dissent. I do not agree that the temporary order entered by the trial court had "the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child …" *See* TEX. FAM. CODE ANN. 156.006 (b) (Vernon Supp. 2011).

The record reflects that three weeks before the temporary hearing, the mother of the children, Amanda, became engaged followed by a wedding four days before the temporary hearing. She lives with her new husband in Leon County, where she has continuously lived with the children since her divorce from the children's father, Chris. The children have lived in Leon County their entire lives. Amanda's father, a former

Leon County sheriff, and Amanda's mother also live in Leon County and have been child care providers for the children on an as needed basis.

Amanda testified that she intends to move to Abilene although she has not given Chris the 60 day notice required in the divorce decree.

The temporary order entered by the trial court is as follows:

> After my conference with the children, reviewing applicable law and considering the sworn testimony on August 3, 2011, It Is Ordered that the residence of the children be restricted to Leon County pending final hearing on this cause.
>
> SO ORDERED

The order does not give Chris or any third party the exclusive right to designate the children's primary residence, nor does it in any way reduce the currently ordered amount of time that Amanda has with the children. It merely requires the children's residence be established in the mother's current home county pending a final hearing.

The temporary order in this case can be factually distinguished from the temporary order in both the *Levay* case and the *Ostrofsky* case cited by the majority. In the *Levay* case, the trial court ordered that the child be admitted to a residential facility for an indefinite period of time at the discretion of the facility. In the *Ostrofsky* case, the trial court ordered that the children enter a boarding school and remain at a boarding school until further order of the court and that the custodial parent have no possession of the children other than certain holidays despite the decree that gave her the exclusive right to determine the children's primary residence.

Because I feel that the temporary order in this case that requires the children's residence be established in the county in which they currently reside does not have the effect of changing the designation of the person who has the exclusive right to designate their residence, I dissent.

AL SCOGGINS
Justice

Dissenting opinion delivered and filed December 2, 2011